ans

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **WILLIAM GILKEY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. 03-3315-JAR** |
| | ) | |
| **DAVID R.  McKUNE, et al.** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a Petition for a Writ of Habeas Corpus (Doc.1) seeking federal habeas relief from a state conviction, pursuant to 28 U.S.C. § 2254.  After considering the parties' submissions, the Court is prepared to rule.  The Petition shall be denied because Petitioner William Gilkey has failed to show that he was denied effective assistance of counsel or that his constitutional rights were violated by the state court's denial of his motion to suppress.

**BACKGROUND**

For purposes of this Petition for relief, the material facts are as follows.  On October 15, 1997, in the District Court of Sedgwick County, Kansas, petitioner William Gilkey was charged with two counts of cocaine possession after two or more prior offenses, in violation of K.S.A. 65-4160(c).  These charges stemmed from two arrests of Gilkey, on July 28, 1997, and August 30, 1997.  Gilkey made incriminating statements to the officers at the time of each of these arrests; and he filed a motion to suppress these statements and all evidence obtained from him.

On July 28, 1997, Officer Michael Amy effected a traffic stop of a vehicle driven by Gilkey.  At

Officer Amy's request, Gilkey supplied the officer with his name and date of birth.  Officer Amy ran a records check and discovered that there was an outstanding felony arrest warrant for Gilkey.  Officer Amy placed Gilkey under arrest.

Sometime during the stop and arrest, Gilkey's girlfriend, Lucretia Bailey, arrived on the scene.  Gilkey told Officer Amy that he wanted Bailey to take possession of his vehicle to prevent it from being impounded.  Officer Amy allowed this and also allowed Bailey to remove Gilkey's jewelry.  As Bailey removed the jewelry, Officer Amy noticed her hand go down the front of Gilkey's pants and emerge in a balled-up fist.  Officer Amy asked Bailey what she was doing, and a struggle ensued between Amy, Bailey and another officer who had arrived on the scene.  During the struggle, Gilkey told the officers that Bailey was pregnant and he did not want her to get hurt.  Bailey was arrested for obstruction of justice.  Nothing was found in Bailey's hand, and a search of the nearby area did not yield any evidence.

Officer Amy testified that after reading Gilkey his *Miranda* rights, he asked Gilkey what Bailey had removed from his pants.  Gilkey responded that he was concerned about what would happen to Bailey and her unborn child.  When Officer Amy replied that he wanted the truth,  Gilkey stated that Bailey had removed a bag of drugs from his pants.  Officer Amy learned that  Bailey had already, unsuccessfully, attempted to regurgitate the drugs.  Bailey was subsequently taken to a hospital where another officer witnessed her regurgitating the contents of her stomach, including a material that tested positive for cocaine.

Gilkey testified that Bailey was removing keys from his pocket, not a bag of drugs from the front of his pants, and that he had no idea of how Bailey acquired the cocaine.  Gilkey further testified

2

that Officer Amy repeatedly asked him if Bailey removed drugs from his pants, and assured him that the police wanted him, not Bailey.  According to Gilkey, Officer Amy also told him that if Bailey were charged with drug crimes, it would be "mandatory" that she go to jail and that she would lose her baby in prison.

On August 30, 1997, Officer Amy arrested Gilkey on a warrant based on a charge of domestic violence.  In the patrol car, without first *Mirandizing* Gilkey, Officer Amy asked Gilkey if he had any narcotics.  Gilkey did not respond.  Officer Amy informed Gilkey that if he had drugs, he could be charged with taking drugs into a county building.  Again, Gilkey did not respond.  When they arrived at the jail, Gilkey initiated conversation with Officer Amy by asking him what would happen if he were caught with narcotics in jail.  Officer Amy repeated that Gilkey would be charged with taking narcotics into the facility.  Gilkey then told Officer Amy that he was in possession of drugs and asked if he could be unhandcuffed to retrieve them.  Officer Amy allowed this, and Gilkey unzipped his pants and removed a bag with a rocky white substance that later tested positive for cocaine.  Gilkey testified that these drugs came from Officer Amy's pocket; and denied that he possessed any drugs at that time.

Gilkey moved to suppress his incriminating statements made after both arrests and all evidence obtained from him.  After an evidentiary hearing, the court denied the motion to suppress, finding that Gilkey had knowingly and voluntarily waived his *Miranda* rights on July 28, and that Gilkey's statements on August 30 were freely and voluntarily made, and not the product of coercion.  The court further found that in light of Gilkey's arrest on a warrant, the drugs would have been inevitably discovered when he was taken into custody at the jail.  The case went to trial, and the jury convicted Gilkey on both counts.  On March 12, 1998, Gilkey was sentenced to 150 months imprisonment.

On direct appeal, Gilkey challenged the district court's denial of his motion to suppress.   The Kansas Court of Appeals affirmed the district court's decision;[1] and the Kansas Supreme Court denied a petition for review in November 2000.  Gilkey filed for post-conviction relief pursuant to K.S.A. § 60-1507 in May 2001, alleging that he was denied effective assistance of trial and appellate counsel. The district court denied Gilkey's petition; the Kansas Court of Appeals affirmed the denial of post-conviction relief;[2] and the Kansas Supreme Court denied review.  Gilkey then timely filed this petition for habeas relief.

**STANDARD**

Because Gilkey "filed his habeas petition after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") govern this [proceeding]."[3]  The AEDPA "'circumscribes a federal habeas court's review of a state-court decision.'"[4]  Under 28 U.S.C. § 2254(d), a federal court may not grant habeas relief on any claim adjudicated in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.

---

[1]*State v. Gilkey*, No. 81,002 (Kan. Ct. App. Aug. 4, 2000).

[2]*Gilkey v. State*, 60 P.3d 351 (Kan. Ct. App. 2003).

[3]*Martinez v. Zavaras*, 330 F.3d 1259, 1262 (10th Cir. 2003) (citing *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997)).

[4]*Anderson v. Mullin*, 327 F.3d 1148, 1152 (10th Cir. 2003) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 70 (2003)).

A state court's decision is "contrary to" an established federal law if the state court reaches a different result than the Supreme Court would when presented with facts that are ". . . materially indistinguishable from a relevant Supreme Court precedent" or if the state court "applies a rule that contradicts the governing law" set forth in Supreme Court cases.[5]  A decision is an "unreasonable application" of clearly established federal law if a "state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case."[6]  Unreasonable application of facts includes an unreasonable extension of a principle, or an unreasonable refusal to extend a principle to the facts at hand.[7]  The courts are to employ an objective standard in determining what is unreasonable.[8]

Although unreasonable determinations of fact are a second basis for a writ, a state court's determination of a factual issue shall be presumed to be correct.  The petitioner has the burden of rebutting this presumption by clear and convincing evidence.[9]  "This presumption does not extend to legal determinations or to mixed questions of law and fact."[10]  "That is, the 'deferential standard of review does not apply if the state court employed the wrong legal standard in deciding the merits of the

---

[5]*Williams v. Taylor*, 529 U.S. 362, 405 (2000).

[6]*Id.* at 413.

[7]*Id.* at 407.

[8]*Id.* at 409.

[9]*Martinez*, 330 F.3d at 1262 (explaining that a state court's determination of a factual issue is presumed to be correct and petitioner has burden of rebutting this presumption by clear and convincing evidence); *Fields v. Gibson*, 277 F.3d 1203, 1221 (10th Cir. 2002).

[10]*Martinez*, 330 F.3d at 1262 (citing *Herrera v. Lemaster*, 225 F.3d 1176, 1178-79 (10th Cir. 2000)).

federal issue.'"[11]  "Ultimately, our review of the state court's proceedings is quite limited, as section 2254(d) sets forth a highly deferential standard for evaluating state-court rulings."[12]

**ANALYSIS**

Gilkey raises three claims in this request for federal habeas review: (1) the state court erred in denying his motions to suppress; (2) the state court erred in admitting at trial his statements and evidence resulting from these illegally obtained statements; and (3) ineffective assistance of trial counsel, who failed to hire an expert to test the alleged cocaine and failed to interview or call Bailey as a witness, and ineffective assistance of appellate counsel, who failed to challenge the search and seizure of Bailey. As set forth below, the Court finds that the state courts' adjudications were not contrary to nor an unreasonable application of controlling Supreme Court authority, nor was their decision unreasonable in light of the facts presented to them.  Thus, the Court denies Gilkey's request for a writ of habeas corpus.

**1.  Denial of Motion to Suppress**

Gilkey contends that the state court's denial of his motion to suppress was contrary to or an unreasonable application of established federal law or was based on an unreasonable determination of the facts in light of the evidence presented to the state court.  This Court concludes that the state court's denial of the motion to suppress was based on a reasonable determination of the facts and in accordance with the established federal law on Fourth Amendment searches and seizures.

With respect to Gilkey's statements on July 28, the state court reasonably determined that

---

[11]*Id.* (quoting *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003)).

[12]*Anderson*, 327 F.3d at 1152 (internal citations omitted).

6

Gilkey's statements were not the product of coercion, intimidation or threat.  Gilkey argued that Officer

Amy's interrogation was threatening and coercive, particularly in referring to Bailey's pregnancy and the

possibility that she would have to have her baby in prison.  The state court found that Officer Amy

neither coerced nor threatened Gilkey in stating that Bailey would be arrested if she were found in

possession of drugs, and that Officer Amy did not think that Bailey should get in trouble for something

that Gilkey had done.  The state court reasonably found that the subject of Bailey's pregnancy was

initiated by Gilkey, not Officer Amy.  Officer Amy did not promise leniency for Bailey if Gilkey

confessed.  In fact, Gilkey acknowledges that Officer Amy never asserted he would not arrest Bailey if

Gilkey confessed that the drugs were his.  Gilkey believed this to be the case, but Officer Amy did not

tell him that.

Moreover, the state court's decision was in accordance with established federal law.

"Incriminating statements obtained by government acts, threats, or promises that permit the defendant's

will to be overborne run afoul of the Fifth Amendment and are inadmissible at trial as evidence of

guilt."[13]  In determining whether a confession is coerced, courts consider the following factors: "(1) the

age, intelligence, and education of the defendant; (2) the length of the detention; (3) the length and

nature of the questioning; (4) whether the defendant was advised of her constitutional rights; and (5)

whether the defendant was subjected to physical punishment."[14]  None of these factors alone is

determinative.[15]  The determination of voluntariness is based on the totality-of-the-circumstances, so

---

[13]*United States v. Glover*, 104 F.3d 1570, 1579 (10th Cir. 1997) (citing *Malloy v. Hogan*, 378 U.S. 1, 7 (1964)).

[14]*Id*. (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973)).

[15]*Id.* (citing *Schneckloth*, 412 U.S. at 226).

courts must be mindful of all of the circumstances surrounding an interrogation.[16]

The state court's analysis gave credence to these factors.  The Kansas Court of Appeals relied on four factors: (1) the manner and duration of the questioning; (2) the suspect's ability to communicate with others if requested; (3) the suspect's intellect, age, and background; and (4) the fairness of the interrogating officers."[17]  It also stated:

> Under the Fourteenth Amendment due process voluntariness test, a case-by-case evaluation approach is employed to determine whether coercion was impermissibly used in obtaining a confession . . . .  In determining that voluntariness of a confession, the question in each case is whether the defendant's will was overborne at the time of the confession; if so, the confession cannot be deemed the product of a rational intellect and a free will."[18]

This is not "contrary to" an established federal law because the state court reached the same result the Supreme Court would have if it were presented with materially indistinguishable facts.[19]

With respect to Gilkey's statements on August 30, the state court reasonably found that Gilkey's statements were voluntarily and not the product of coercion or intimidation.  Although Gilkey was in custody and had not been *Mirandized*, the court reasonably determined that Gilkey's statements were volunteered, not prompted by any law enforcement interrogation.   The court found that Officer Amy had previously advised Gilkey that if he were found with drugs inside the jail, he would be charged with taking drugs into the county jail.  Gilkey did not respond at that time; and Officer Amy did not

---

[16]*Id.* (citing *Schneckloth*, 412 U.S. at 226).

[17]*State v. Lewis*, 899 P.2d 1027, 1034 (Kan. 1995).

[18]*State v. Gilkey*, No. 81,002 (Kan. Ct. App. Aug. 4, 2000).

[19]*Williams v. Taylor*, 529 U.S. 362, 405 (2000).

continue to ask questions or give advice to Gilkey.  Later, Gilkey initiated discussion with Officer Amy by asking what would  happen if he were found carrying drugs into jail.  When Officer Amy responded that Gilkey would be charged, Gilkey voluntarily admitted that he was carrying drugs.

Given that Gilkey volunteered this information, not in response to any interrogation by law enforcement, the state court applied established federal law in determining that there was no violation of the Fourth Amendment.  The protections afforded a defendant under *Miranda*[20] become applicable only when a suspect is both in custody and being interrogated.[21]  There is no dispute that Gilkey was in custody and did not receive *Miranda* warnings; the only issue is whether he was being interrogated at the time he admitted to having drugs.  Interrogation under *Miranda* refers to either express questioning or "words or actions on the part of the police that they should have known were reasonably likely to elicit an incriminating response."[22]  The Kansas Court of Appeals relied on this exact language when deciding this issue, thus their decision was not "contrary to" established federal law.   The court also relied on established law in concluding that the drugs would have been inevitably discovered on August 30, when Gilkey was taken into custody at the jail.[23]

## 2. Admission of Statements and Evidence at Trial

Gilkey also claims error in the admission of these incriminating statements and any evidence

---

[20]*Miranda v. Arizona*, 384 U.S. 436 (1966).

[21]*Rhode Island v. Innis*, 446 U.S. 291, 300 (1980).

[22]*Id*. at 300-01, 303 (holding "the term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an incriminating response from the suspect.").

[23]*See Nix v. Williams*, 467 U.S. 431, 446-47 (1984).

obtained as a result of these statements. But, in *Stone v. Powell*,[24] the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment Claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."[25] Gilkey argues that he was not given a full and fair opportunity to litigate this claim in state court. Specifically, he claims the state court misallocated to him the burden to prove that there was no probable cause and that the prosecution withheld critical evidence establishing the illegality of the seizure. Gilkey offers no support for these conclusory statements.

The Tenth Circuit has held that opportunity for full and fair consideration or litigation includes, but is not limited to, the procedural opportunity to raise or otherwise present a Fourth Amendment claim and the full and fair evidentiary hearing contemplated by *Townsend v. Sain*.[26] "That standard further 'contemplates recognition and at least colorable application of the correct Fourth Amendment constitutional standards.'"[27] Gilkey was given full and fair opportunity for litigation on this issue. Prior to trial the court conducted an evidentiary hearing on his motion to suppress, and these issues were addressed in Gilkey's direct appeal. Therefore, under *Stone v. Powell*, Gilkey is not entitled to habeas relief.

## 3.  Ineffective Assistance of Trial and Appellate Counsel

---

[24]428 U.S. 465 (1976).

[25]*Id.* at 494 (footnotes omitted).

[26]*See Cannon v. Gibson*, 259 F.3d 1253, 1260-61 (10th Cir. 2001) (quoting *Miranda v. Cooper*, 967 F.2d 392, 401 (10th Cir.1992); *Townsend v. Sain,* 372 U.S. 293 (1963)).

[27]*Id*. at 1261 (quoting *Gamble v. Oklahoma*, 583 F.2d 1161, 1165 (10th Cir.1978)).

Gilkey claims that he received ineffective assistance of trial and appellate counsel.  He raised these issues in the state proceeding for post-conviction relief.  The state court reviewed these claims under the standards of established federal law, as set forth in *Strickland v. Washington*.[28]  Applying *Strickland's* two prong inquiry, the court concluded that these claims had no merit.  Because the state court's decision was based on a reasonable determination of the facts and made in accordance with established federal law, this Court denies the writ for habeas relief on these grounds.

Gilkey contends that his trial counsel was ineffective because he failed to retain an expert to independently test the substance regurgitated by Bailey.  The state court rejected this claim, finding that Gilkey could not credibly claim that the substance was anything other than cocaine, and that under such circumstances, calling an expert "would have been an exercise in futility; moreover, whether to call a particular witness is usually a matter of trial tactics and within the sound discretion of the trial attorney."[29]  In order to succeed on a claim of ineffective assistance of counsel, a petitioner must show both that his counsel's performance was constitutionally deficient, such that he was not functioning as the "counsel" guaranteed by the Sixth Amendment, and that he was prejudiced by his counsel's errors.[30]  To prove constitutionally deficient performance, a petitioner must show that his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms.[31]  If he can meet this standard, then a petitioner must establish prejudice by demonstrating that "there is a

---

[28]466 U.S. 668 (1984).

[29]*Gilkey v. State*, 60 P.3d 351, 356 (Kan. Ct. App. 2003).

[30]*Strickland v. Washington,* 466 U.S. 668, 687 (1984).

[31]*Id.* at 687-88.

11

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[32]  A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome."  Because Gilkey could not credibly claim the substance was anything other than cocaine, hiring an expert would not have likely affected the outcome and his counsel's failure to retain an expert did not fall below an objective standard of reasonableness.

Gilkey also claims that his trial counsel was ineffective because he failed to interview  Bailey and call her as a witness.  Gilkey stated that Bailey would have recanted her previous statement to the police.  The state court determined that other than Gilkey's conclusory statement, there was no showing that interviewing and calling Bailey as a witness would have affected the outcome.  Gilkey did not show what Bailey's testimony would have been or how it would have exonerated him or been exculpatory.  Given this paucity of evidence, the state court reasonably found no merit in Gilkey's claim, particularly since *Strickland* requires a showing that but for counsel's alleged error, there was a reasonable probability of a different outcome.

Finally, Gilkey claims that he received ineffective assistance because appellate counsel failed to challenge the legality of the search and seizure of Bailey.  The state court found this claim without merit because Gilkey had no standing to challenge the search and seizure of Bailey.  Because Gilkey only has standing to challenge the admission of evidence if his own constitutional rights were violated,[33] it would have been an exercise in futility for appellate counsel to have raised this issue.  For that reason, the state court found, and this Court agrees, that Gilkey failed to show that appellate counsel rendered ineffective

---

[32]*Id.* at 694.

[33]*See United States v. Salvucci*, 448 U.S. 83, 86-87 (1980); *Rakas v. Illinois*, 439 U.S. 128, 134 (1978).

assistance under the *Strickland* standard.  For these reasons, habeas relief is not warranted on this ground.

      **IT IS THEREFORE ORDERED BY THE COURT** that the Petition for a Writ of Habeas Corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2254 is DENIED.

      **IT IS SO ORDERED.**

Dated this _10th___ day of March 2005.


                   **S/ Julie A. Robinson**_____
                   JULIE A. ROBINSON
                   UNITED STATES DISTRICT JUDGE